# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JASMINE GRACE-LOUISE EDWARDS,

                                        Plaintiff,

            -v.-                                           5:19-CV-1118
                                                           (GTS/ATB)
ANDREA DUNN,

                                        Defendant.

JASMINE GRACE-LOUISE EDWARDS, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff Jasmine Grace-Louise Edwards. (Dkt. Nos. 1, 2).

## I.    **IFP Application**

Plaintiff declares in her IFP application that she is unable to pay the filing fee. (Dkt. No. 2).  This court agrees, and finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether

the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards, keeping in mind that pro se pleadings are interpreted to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## II.    Facts

In this complaint, plaintiff alleges that she is "pursuing a contract dispute" with defendant Dunn. (Complaint ("Compl.") at 1). Plaintiff states that defendant Dunn works for a company called Staffing Solutions. Plaintiff states that defendant Dunn

arranged for plaintiff to interview with WIPRO, a customer of Staffing Solutions. (Compl. at 2).  The interview was scheduled for August 22, 2019 and was to take place in the AXA Building in Syracuse, New York. (*Id.*)  Plaintiff states that upon her arrival for the interview, she was taken to defendant Dunn's office for "intake," while the WIPRO interviewer was finishing with another candidate. (*Id.*)

Plaintiff states that defendant Dunn told plaintiff that she "could" be hired "on the spot," and that, if so, there would be paperwork to complete. (Compl. at 3).  Plaintiff was then escorted to the interview room, where she was interviewed by Mahogonee Gainey from WIPRO.  Plaintiff claims that after a 15 minute interview, Ms. Gainey "hired" plaintiff and escorted her to the area where she would be completing the appropriate paperwork. (*Id.*)  Plaintiff states that she saw defendant Dunn, who asked plaintiff how the interview went and whether she had been "hired." (*Id.*)  Plaintiff told defendant Dunn that the interview went well, and that she had gotten the job. (*Id.*)

However, when plaintiff arrived at the AXA Building to start working on September 3, 2019, she was accused of trespassing by defendant Dunn and the "WIPRO assistant." (Compl. at 5).  Plaintiff states that the WIPRO assistant called "security," and "he" called "the cops." (*Id.*)  Plaintiff states that defendant Dunn told plaintiff that she had not been hired because defendant Dunn did not hire her, "after having plaintiff Jasmine Edwards describe what she wore to the interview." (*Id.*)  Plaintiff states that the "unexpected events" occurred after she had received the "details of the job," together with the specific employment obligations, "signed by Andrea Dunn." (Compl. at 6).  Plaintiff attaches what she claims is the "agreement" signed by

3

defendant Dunn as Exhibit 1.[1]

The rest of the complaint is plaintiff's recitation of the law that she believes supports her claims. This takes the form of random references to statutes and common law. She states that she is in a "breached contract" with defendant Dunn. (Compl. at 7). In various parts of the complaint, plaintiff uses the term "discrimination" based on "creed," and alleges that "[n]o person or organization can force or pressure another to accept or comply with creed beliefs [sic] or take part in creed practices against their choosing." (Compl. at 4). Plaintiff also states that she should have been given "equality opportunity for her civil rights in the commercial space." (Compl. at 5). Plaintiff states that she "should have been treated in a state of fairness, unhampered by artificial barriers or prejudices of preferences [sic]." Plaintiff states that defendant Dunn "breached" her "contract duty," and the plaintiff was in a class protected by the duty, "statutorily imposed on the defendant." (Compl. at 6). She also randomly mentions an unidentified "code" which governs individuals who "telecommunicate from home." (*Id.*) Notwithstanding random citations to other laws, this case is generally about plaintiff's alleged employment "contract."

## III.    <u>Subject Matter Jurisdiction</u>

### A.    **Legal Standards**

Federal courts are courts of limited jurisdiction, have only the power that is

---

[1] Exhibit 1 consists of an email, dated August 21, 2019 from defendant Dunn, together with a response from plaintiff. (Pl.'s Ex. 1) (Dkt. No. 1-1). The email from defendant Dunn states that plaintiff's interview for "the customer service call center position" with WIPRO was "set up" for August 22, 2019. (*Id.*) In the email, plaintiff was given other information regarding the interview, including a copy of the job description, the salary for the job, the address where plaintiff should appear, and stated that "[i]f they do select you, we will get all of the necessary paperwork done while you are there on site . . . ." (*Id.*) Plaintiff responded to the email, stating that she would be there. (*Id.*)

authorized by Article III of the Constitution, and may only preside over cases that fall within the subject matters delineated by Congress. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) (citation omitted).  The court must determine whether it has subject matter jurisdiction, and must dismiss a case at any stage of the proceedings if it determines that jurisdiction is lacking. *Cave. v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008).

In addition, federal courts have an "independent obligation" to consider the presence or absence of subject matter jurisdiction sua sponte. *Leopard Marine & Trading, Ltd. v. Easy Street, Ltd.*, 896 F.3d 174, 181 (2d Cir. 2018) (quoting *In re Quigley Co., Inc.*, 676 F.3d 45, 50 (2d Cir. 2012). Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 434-35 (2011)).

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331.  Diversity jurisdiction is present when an action is between citizens of different states, and when the amount in controversy is in excess of $75,000.00. 28 U.S.C. § 1332(a)(1).

### B.    Application

#### 1.    Contract Claims

The civil cover sheet in this action states that plaintiff is bringing this case pursuant to "federal question jurisdiction." (Dkt. No. 1-2).  However, plaintiff's only

decipherable claim appears to be based on what plaintiff's believes is a breach of contract, notwithstanding her vague references to "discrimination" and "creed." Contract actions are generally state law claims, "governed by state law standards and analyzed using the familiar elements applied in a New York breach of contract action." *Liana Carrier Ltd. v. Pure Biofuels Corporation*, 672 F. App'x 85, 92 (2d Cir. 2016). Contractual obligations, are inherently creatures of state law. *Eugene Iovine, Inc. v. City of New York*, No. 98 Civ. 2767, 1999 WL 4899, at *2 (S.D.N.Y. Jan. 5, 1999) (citing *Gully v. First National Bank in Meridian*, 299 U.S. 109, 115 (1939)). "[A] complaint alleging a violation of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 817 (1986)).

Defendant Dunn appears to be a private individual, and Staffing Solutions appears to be an employment agency and a private company. Plaintiff does not allege otherwise. Plaintiff's claim that the email attached to her complaint somehow created an enforceable contract against defendant Dunn or the company for which she works is purely a state law claim which does not confer jurisdiction on this court. In addition, it is clear that diversity jurisdiction does not exist because the parties are all citizens of New York State.

### 2.    "Discrimination"

Plaintiff does not cite any particular federal statute. She makes vague references to "codes," with random numbers, which apparently relate to employees who "telecommunicate" from home. (Compl. at 6). Based on the liberality with which pro

6

se actions are treated,[2] I have examined whether jurisdiction is available under any other basis.  Under Title VII, it is unlawful for an employer to discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment, because of the individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a)(1).  The statute does not refer to "creed."  In order to state a claim under Title VII, plaintiff must show that she was a member of a protected class, she was qualified for the position, she suffered an adverse employment action, and the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001).  In addition, individuals are not subject to liability under Title VII; thus, to the extent that the complaint could be interpreted to raise a Title VII claim, it may not be brought against the individual defendant. *Sassaman v. Gamache*, 566 F.3d 307, 315-16 (2d Cir. 2009) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)).

To the extent that plaintiff makes vague references to "discrimination" based on "creed," which could state a claim for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.  § 2000-e, plaintiff never describes any conduct that would amount to discrimination.  She states that she is a member of a "protected" class, but does not state what class that might be or how she was discriminated against because of her "creed."  She does not even state what that "creed" might be.  Essentially, plaintiff believes that she was hired, and was surprised when she showed up for work, found out that she was not hired for the job, and was accused of trespassing in the building.

---

[2] *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

Plaintiff complains that she should have been treated "fairly," but this statement also does not state any basis for federal jurisdiction. She relies upon the email that she has attached as Exhibit 1 in arguing that a contract was formed for her employment. There are no distinct claims beyond that, and plaintiff does not state a basis for federal jurisdiction. If she has a contract dispute with the defendant, her employer, or any other party, she may sue in a New York State Court. In fact, in one of the paragraphs in her complaint, she states that "[a]ny employee or prospective employee dismissed as the result of a violation shall be entitled to file an action in the Supreme Court of the State." (Compl. at 8).

Plaintiff then discusses officers or agents of a "labor union." (Compl. at 9). She states that employers must send a written notice to employees "about the job elements," before they start working, and that the document must have an authorized signature. (*Id.*) However, plaintiff then states that "these" are signs of "work place discrimination which is the lack of diversity, fixed roles, demeaning and alienating communication, and bogus discipline of trespassing." (*Id.*) None of these statements rises to the level of a federal claim for "discrimination" under any statute. Thus, plaintiff's complaint may be dismissed for lack of subject matter jurisdiction.

## IV.  Opportunity to Amend

### A.  Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

8

## B.    Application

This court is recommending dismissal of this action for lack of subject matter jurisdiction.  Thus, any dismissal must be without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018).  This court has serious doubts about whether plaintiff can amend to assert any form of federal jurisdiction over the situation that plaintiff describes in her complaint.[3]  Plaintiff will not be able to bring her contract claims in federal court, and thus the court should not allow plaintiff to amend, notwithstanding a dismissal without prejudice.  Because lack of subject matter jurisdiction is a substantive defect, *Deul v. Dalton*, No. 1:11-CV-0637, 2012 WL 235523, at *8 n.19 (N.D.N.Y. Jan. 25, 2012), the court recommends dismissal without leave to amend.

In addition, if plaintiff has some basis for a "discrimination" claim, she must exhaust her administrative remedies and then return to federal court.[4]  In any such

---

[3] The court must also note that plaintiff is a frequent litigant in federal court, whose cases have almost all been dismissed for failure to state a claim, some, notwithstanding the opportunity to amend. *See Edwards v. Simpson*, No. 5:18-CV-1286 (GLS/TWD) (also in part a "contract" action) (dismissed Jan. 7, 2019, adopting Dec. 18, 2018 Order and Report-Recommendation ("ORR") by Magistrate Judge Therese Dancks -Dkt. Nos. 5, 6); *Edwards v. Conte*, No. 5:18-CV-1216 (LEK/ATB) dismissed amended complaint with prejudice on July 19, 2019, after adopting ORR, which recommended allowing plaintiff the opportunity to amend - Dkt. Nos. 6, 7, 8); *Edwards v. Walsh*, No. 5:18-CV-1155 (GLS/TWD) (dismissed with prejudice after allowing amendment re: statute of limitations - Dkt. No. 8), appealed on June 21, 2019 - Dkt. No. 10); *Edwards v. Penix*, No. 5:18-CV-1287 (DNH/ATB) (dismissed on July 24, 2019, after motion to dismiss by defendants - no amendment allowed - Dkt. No. 19); *Edwards v. Montgomery*, No. 5:19-CV-923 (BKS/TWD) (case recently filed - pending initial review).

[4] The court is well-aware that a Title VII case may not be dismissed sua sponte for failure to exhaust if the case states a plausible claim. *Hardaway v. Hartford Public Works Department*, 879 F.3d 486, (2d Cir. 2019) (a case of first impression for the Second Circuit).  However, this case does not state such a claim, and the court is not recommending dismissal for failure to exhaust.  The court is simply reminding plaintiff that if she has some sort of employment discrimination claim in the future, exhaustion of administrative remedies is a precondition to bringing a Title VII claim, even though failure to exhaust is an affirmative defense that must be pleaded and proved by defendant. *Id.* at 489-91.

claim, she must articulate a basis for discrimination and describe why the defendant discriminated against her based on a protected classification.  If plaintiff attempts to assert a Title VII claim, she may not sue an individual, but must sue the company responsible for the alleged discrimination.

WHEREFORE, based on the findings above, it is

ORDERED, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

RECOMMENDED, that this action be **DISMISSED SUA SPONTE WITHOUT PREJUDICE** for lack of subject matter jurisdiction, but without the opportunity for amendment, and it is

ORDERED, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 24, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge

10