UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASMINE GRACE-LOUISE EDWARDS,

        Plaintiff,

                      5:19-CV-1118
v.                       (GTS/ATB)

ANDREA DUNN,

        Defendant.
_____

APPEARANCES:               OF COUNSEL:

JASMINE GRACE-LOUISE EDWARDS
 Plaintiff, *Pro Se*
335 Valley Drive
Syracuse, New York 13207

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

   Currently before the Court, in this *pro se* breach-of-contract action filed by Jasmine Grace-Louise Edwards ("Plaintiff") against Andrea Dunn, is Chief United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed, without prejudice but without the opportunity to amend, for lack of subject-matter jurisdiction. (Dkt. No. 4.) Plaintiff has not filed an Objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no clear-error in the Report-

Recommendation.[1] Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, and Plaintiff's Complaint is *sua sponte* dismissed without prejudice but without a prior opportunity to amend.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED without prejudice but without a prior opportunity to amend** for lack of subject-matter jurisdiction.

Dated: November 15, 2019
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).